Requestor: Anthony J. Grant, Esq., Corporation Counsel City of White Plains Municipal Building 255 Main Street White Plains, New York 10601
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have raised several questions relating to the establishment of salaries for the mayor and common council of your city.
First, you inquire whether a local law eliminating scheduled salary increases for these elected officials is subject to a mandatory referendum under section 23 of the Municipal Home Rule Law.
You have indicated that in December of 1989 the common council adopted a local law amending the charter to provide for annual salary increases for the mayor and members of the common council for the calendar years 1990, 1991, 1992 and 1993. On March 4, 1991, the common council adopted a local law deleting the salary increases for 1992 and 1993. You have further informed us that the terms of office of the mayor and three council members commenced in 1990 and terminate at the end of 1993. The three other council members have terms which began in 1988 and terminate at the end of 1991.
Under section 23(2)(e) of the Municipal Home Rule Law, a local law which "reduces the salary of an elective officer during his term of office" is subject to a mandatory referendum. In our view, a local law eliminating scheduled mid-term salary increases of an elected official which takes effect during that term of office is subject to a mandatory referendum under this provision. The enactment of a local law amending the city charter establishing scheduled salary increases for elected officials effectively serves as authority for and sets these salaries. Thus, a subsequent local law enacted during the term of office covered by the salary schedule that eliminates one or more of the scheduled salary increases would effectively constitute a reduction of salary within the meaning of section 23(2)(e) of the Municipal Home Rule Law.
Thus, in response to your first question, as to the mayor and three council members whose terms commenced in 1990 and terminate at the end of 1993, the March 4, 1991 local law would constitute a reduction in salary during these officers' terms of office and would be subject to a mandatory referendum under section 23(2)(e) of the Municipal Home Rule Law.
Your second question is whether this mandatory referendum could be presented to the voters at an election where a city charter commission is submitting amendments to the city charter for approval by the voters. You are concerned about the provisions of section 36(5)(e) of the Municipal Home Rule. Section 36(5)(e) provides as follows:
 "At any election at which any question or questions shall be submitted to the qualified electors of the city by a charter commission pursuant to this section or within sixty days thereafter, no other question or questions shall be submitted to or voted upon by such electors pursuant to any local law, ordinance, resolution or petition if such commission was created pursuant to subdivision four of this section and no such other question or questions shall be submitted except by another charter commission if such commission was created otherwise, if such other question or questions involve or relate directly or indirectly to the adoption of a new city charter, the amendment of a city charter, charter revision, the establishment of a commission to draft a new or revised city charter, or the functions, powers or duties of any elective officer of the city, except as provided in paragraph (g) of this subdivision."
Thus, it seems clear under this provision that the submittal by a charter commission of proposed amendments to the city charter for approval by the voters would prevent the submittal at the same election of a proposed local law amending the city charter for approval by the voters.
Finally, you have asked whether there are "any statutory impediments to reducing . . . [the salaries of the mayor and council members] to zero". As you have noted, a local law to this effect would constitute a reduction in the salaries of elected officials and would, therefore, be subject to section 23(2)(e) of the Municipal Home Rule Law. We are not aware of any statutory impediments to such a reduction. We note that the mayor and council members are in the unclassified civil service. We suggest that you consider the impact of such a local law on retirement and other benefits.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.